```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

STACY SHAVONNE HOPKINS,

                Plaintiff,

-against-

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

                Defendant.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/5/14
```

13 Civ. 4803 (AT)(AJP)

**ORDER ADOPTING**
**REPORT AND**
**RECOMMENDATION**

ANALISA TORRES, District Judge:

    Plaintiff, Stacy Shavonne Hopkins, brings this action under 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for Supplemental Security Income ("SSI") benefits. The parties cross-move for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Before the Court is the Report and Recommendation (the "R & R") of Magistrate Judge Andrew J. Peck, which proposes that Defendant's motion be granted and Plaintiff's motion be denied. For the reasons stated below, the Court ADOPTS the R & R in its entirety.

## BACKGROUND[1]

    On July 19, 2010, Plaintiff filed a claim for SSI benefits, *see* Admin. R. ("R.") 46, ECF No. 11, which the Social Security Administration denied on November 24, 2010, *id.* at 47-52. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") on January 10, 2011. *Id.* at 53. ALJ Mark Hecht conducted a hearing on September 6, 2011. *See id.* at 22-45. ALJ Hecht issued a decision on November 4, 2011, finding that Plaintiff was not disabled under Section 1614(a)(3)(A) of the Social Security Act, 42 U.S.C. § 1382c(a)(3)(A). *Id.* at 8-21. On January 6, 2012, Plaintiff requested administrative review of the ALJ's decision. *Id.* at 7. The

---

[1] The Court presumes familiarity with the facts, as detailed in the R & R, *see* R & R 1-18, ECF No. 23, and, accordingly, does not summarize them in full here.

Appeals Council denied Plaintiff's request on May 10, 2013, making the ALJ's decision the final decision of the Commissioner. *Id.* at 1-6.

Plaintiff filed the complaint in this action on July 11, 2013. Compl., ECF No. 2. On August 1, 2013, the Court referred the matter to Magistrate Judge Peck. Order of Reference to a Magistrate Judge, ECF No. 3. The parties subsequently cross-moved for judgment on the pleadings. Pl. Mot., ECF No. 12; Def. Mot., ECF No. 20. On June 5, 2014, Judge Peck issued the R & R, recommending that the Court grant Defendant's motion and deny Plaintiff's motion. R & R, ECF No. 23. Plaintiff filed timely objections to the R & R on June 23, 2014. Pl. Objs., ECF No. 24.

## DISCUSSION

I. Standard of Review

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections, the court reviews *de novo* those portions of the R & R to which objection is made. *Id.*; Fed. R. Civ. P. 72(b)(3). However, when a "party makes only conclusory or general objections, or simply reiterates the original arguments," the court reviews the R & R strictly for clear error. *Rivera v. Colvin*, 11 Civ. 7469, 2014 WL 3732317, at *1 (S.D.N.Y. July 28, 2014) (internal quotation marks and citation omitted); *see also Olorode v. Streamingedge, Inc.*, 11 Civ. 6934, 2014 WL 3974581, at *1 (S.D.N.Y. Aug. 13, 2014) ("[O]bjections that are not clearly aimed at particular findings in the [R & R] do not trigger *de novo* review."). The court may adopt those portions of the R & R to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (internal quotation marks and citation omitted).

II.  Judicial Review under 42 U.S.C. § 405(g)

In reviewing a final decision of the Commissioner, the court's role is to "determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004), *amended on other grounds*, 416 F.3d 101 (2d Cir. 2005); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). "Substantial evidence" is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (internal quotation marks and citation omitted). The substantial evidence standard is a "very deferential standard of review—even more so than the 'clearly erroneous' standard." *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012). Indeed, the court may reject the ALJ's factual findings "only if a reasonable factfinder would *have to conclude otherwise.*" *Id.* (internal quotation marks and citation omitted). If there is substantial evidence to support the Commissioner's final decision, "the Court must grant judgment in favor of the Commissioner, even if there also is substantial evidence for the plaintiff's position." *Emerson v. Comm'r of Soc. Sec.*, 12 Civ. 6451, 2014 WL 1265918, at *9 (S.D.N.Y. Mar. 27, 2014).

III. Plaintiff's Objections

Plaintiff appears to raise five objections to Judge Peck's R & R. Specifically, Plaintiff contends that Judge Peck: (1) failed to properly consider a surgery request from Margaret Meyer, M.D.; (2) failed to note a comment by Dr. Meyer regarding Plaintiff's emotional state; (3) failed to "present any rational reason why knee pain should not vary from day to day"; (4) "defend[ed] out-of-context comments" made by Plaintiff, which the ALJ "seemed to . . . use[] . . . to imply

3

that [P]laintiff was feeling much better than she actually was"; and (5) erroneously accepted the ALJ's findings regarding Plaintiff's online coursework, which the ALJ drew upon in support of his credibility determination. Pl. Objs. 2-5. The Court addresses each in turn.

A. Dr. Meyer's December 9, 2011 Surgery Request

In connection with her request for administrative review, Plaintiff submitted treatment notes to the Appeals Council that she had not provided to the ALJ. R. 348-73. Among the treatment notes is a surgery request from Dr. Meyer dated December 9, 2011, which sought approval for "knee arthroscopy" and to "repair degenerated kneecap" in Plaintiff's right knee. *Id.* at 369. After considering the new evidence, the Appeals Council "found that this information does not provide a basis for changing the Administrative Law Judge's decision." *Id.* at 1-2. Judge Peck reviewed the new evidence as well and concluded that it supports the Commissioner's decision. R & R 51-53. Plaintiff objects to this finding on the grounds that the R & R "misstated how many visits [P]laintiff had with Dr. Meyer" and did not mention the surgery request in its analysis. Pl. Objs. 3-4.

"[N]ew evidence submitted to the Appeals Council following the ALJ's decision becomes part of the administrative record for judicial review when the Appeals Council denies review of the ALJ's decision." *Perez v. Chater*, 77 F.3d 41, 45 (2d Cir. 1996). The expansion of the administrative record, however, does not change the nature of the court's review. The court "simply review[s] the entire administrative record, which includes the new evidence, and determine[s], as in every case, whether there is substantial evidence to support the decision of the [Commissioner]." *Id.* at 46. Here, the Court, like Judge Peck, concludes that remand to the Commissioner is not warranted. There is substantial evidence in the administrative record to support the Commissioner's decision.

4

The ALJ determined, after considering the entire record before him, that Plaintiff "has the residual functional capacity to perform the full range of sedentary work as defined in 20 CFR 416.967(a)." R. 15.[2] In support of this determination, the ALJ referenced the results of a November 10, 2010 physical examination, which "showed [Plaintiff's] gait was normal, she was able to walk on her heels and toes without difficulty, she could half squat, her stance was normal, she did not require the use of assistive devices, she could rise from a chair without difficulty and . . . could get on/off the examination table without difficulty." *Id.* at 16; *see also id.* at 323-26. Additionally, the ALJ pointed to Plaintiff's own testimony, which revealed that Plaintiff regularly cooks, cleans, shops, takes online classes, and cares for three children. *See id.* at 16, 37-38, 103-04.

The ALJ also considered Dr. Meyer's September 7, 2011 "Physical Residual Functional Capacity Questionnaire," which indicated that Plaintiff has physical limitations, including an inability to sit, stand, or walk for more than two hours total in a typical eight-hour workday. *See id.* at 16-17, 343-47. However, the ALJ did not "give much weight to [Dr. Meyer's] assessment" because Dr. Meyer had only been treating Plaintiff for a short time, had limited contact with Plaintiff, and "did not provide a detailed analysis of the clinical findings or objective findings to support the significant limitations listed." *Id.* at 17. Nonetheless, the ALJ "acknowledge[d] some limits resulting from [Plaintiff's] knee problems," but noted that "these [limits] have been addressed by the sedentary residual functional capacity." *Id.*

Having reviewed the record before the ALJ, the Court finds that substantial evidence supports the ALJ's residual functional capacity determination. The Court reaches the same conclusion after reviewing the treatment notes that Plaintiff submitted to the Appeals Council.

---

[2] Sedentary work, as defined in the regulations, involves sitting, "lifting no more than 10 pounds at a time," and "occasionally lifting or carrying articles like docket files, ledgers, and small tools." 20 C.F.R. § 416.967(a).

The Court agrees with Defendant's assessment that the pre-December 2011 treatment notes show that Plaintiff "had some complaints, but largely unremarkable examination results." Def. Mem. 24, ECF No. 21. These treatment notes are also consistent with the information the ALJ had before him. Indeed, they confirm Dr. Meyer's limited contact with Plaintiff and do not include any detailed analysis, which the ALJ flagged as missing from Dr. Meyer's assessment. *See* R. 17.

Furthermore, despite Plaintiff's suggestion to the contrary, the Court concludes that Dr. Meyer's December 9, 2011 surgery request does not render the ALJ's residual functional capacity determination unsupported by substantial evidence. A reasonable factfinder considering the surgery request—which, notably, is dated after the relevant time period (*i.e.*, between the date of the alleged onset of disability and the date of the ALJ's decision), *see, e.g., Collins v. Comm'r of Soc. Sec.*, 960 F. Supp. 2d 487, 501 (S.D.N.Y. 2013)—in the context of the entire record would not "*have to conclude*," *Brault*, 683 F.3d at 448, that, during the relevant time period, Plaintiff lacked the residual functional capacity to perform sedentary work. Because substantial evidence supports the ALJ's residual functional capacity determination, the Court accepts Judge Peck's recommendation that remand is not warranted.[3]

---

[3] The Court has also considered, and rejects, Plaintiff's argument that remand is appropriate because the surgery request constitutes "new and material" evidence. *See* Pl. Objs. 2-4. Plaintiff appears to argue that the Court should draw upon the standard articulated in 42 U.S.C. § 405(g), under which the reviewing court may "order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); *see also Tirado v. Bowen*, 842 F.2d 595, 597 (2d Cir. 1988) (explaining that evidence is new if it is "not merely cumulative of what is already in the record," and material if it is "relevant to the claimant's condition during the time period for which benefits were denied," "probative," and there is "a reasonable possibility that the new evidence would have influenced the [Commissioner] to decide the claimant's application differently") (internal quotation marks and citation omitted). However, this standard is inapplicable here, because the Appeals Council already considered the surgery request. R. 1-2 (noting that the Appeals Council considered, *inter alia*, the surgery request and "found that this information does not provide a basis for changing the Administrative Law Judge's decision"). As explained above, when the Appeals Council denies review after considering new evidence, the Court's role is to "simply review the entire administrative record, which includes the

B. Dr. Meyer's September 7, 2011 Comment

Plaintiff's claim that Judge Peck failed to note "Dr. Meyer's comment on September 7, 2011 . . . that [P]laintiff was in tears due to her knee pain" is incorrect. Pl. Objs. 4. The plain text of the R & R states that "[o]n September 7, 2011, Hopkins saw Dr. Meyer with knee pain complaints" and that "Dr. Meyer noted that Hopkins was in tears." R & R 17.

C. Knee Pain Fluctuations

Plaintiff also complains that Judge Peck did not "present any rational reason why knee pain should not vary from day to day depending, for example, on the weather or the extent of the patient's exertion on a particular day." Pl. Objs. 4. However, Judge Peck was not obligated to resolve such questions. Once again, in reviewing a final decision of the Commissioner, the court's role is to "determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts*, 388 F.3d at 384. Therefore, the Court rejects Plaintiff's suggestion that Judge Peck's "failure" to rationalize pain fluctuations provides a basis for not adopting the R & R.

D. "Out-of-Context" Comments

Plaintiff's objection that Judge Peck "defend[ed] out-of-context comments," which the ALJ "seemed to . . . use[] . . . to imply that [P]laintiff was feeling much better than she actually was," is also without merit. Pl. Objs. 4. In support of her motion for judgment on the pleadings, Plaintiff argued that the ALJ mischaracterized Plaintiff's comments that she was "doing well" and felt "wonderful" as self-assessments of her orthopedic condition. Pl. Mem. 13-14, ECF. No. 13. Judge Peck was "not persuaded" by that argument, finding that the ALJ "clearly did not relate those statements to [Plaintiff's] orthopedic condition." R & R 35 n.19. In her objections,

---

new evidence, and determine, as in every case, whether there is substantial evidence to support the decision of the [Commissioner]." *Perez*, 77 F.3d at 45.

7

Plaintiff again argues that the ALJ mischaracterized her "doing well" and "wonderful" comments. Pl. Objs. 4-5. This objection is not entitled to *de novo* review, as it "simply reiterates [Plaintiff's] original arguments." *Rivera*, 2014 WL 3732317, at *1. To find otherwise "would reduce the magistrate's work to something akin to a meaningless dress rehearsal." *Vega v. Artuz*, 97 Civ. 3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) (internal quotation marks and citation omitted). Accordingly, the Court reviews this portion of the R & R strictly for clear error, *see, e.g., Rivera*, 2014 WL 3732317, at *1, and finds none.

  E. Online Coursework and the ALJ's Credibility Determination

Finally, Plaintiff objects to Judge Peck's acceptance of the ALJ's finding that Plaintiff's ability to "tak[e] online classes for a master's degree," R. 16—just one of "a full range of daily activities," *id.*, Plaintiff admits she can perform—undermines her allegation of disabling pain. Pl. Objs. 5. Specifically, Plaintiff asserts that her taking of online courses is not indicative of the absence of a disabling condition, because she "had to lie on her side while online doing schoolwork," "was dependent on her daughter to type the schoolwork for her," and "was unable to be on the computer for more than an hour at a time." *Id.*[4]

In evaluating a claimant's testimony regarding her pain and other limitations, an ALJ must follow a two-step process. *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010). First, "the ALJ must decide whether the claimant suffers from a medically determinable impairment that could reasonably be expected to produce the symptoms alleged." *Id.* (citing 20 C.F.R. § 404.1529(b)). Second, "[i]f the claimant does suffer from such an impairment, . . . the ALJ must consider 'the extent to which the claimant's symptoms can reasonably be accepted as consistent

---

[4] The Court notes that it is not apparent from the record that Plaintiff was "unable" to be on the computer for more than an hour at a time. At the September 6, 2011 hearing before ALJ Hecht, Plaintiff was asked, "[H]ow long do you have to spend on the computer doing that [(*i.e.*, online coursework)] each day?" R. 38. Plaintiff responded, "Well, I do it at my own pace, and I be on the computer no more than an hour." *Id.*

with the objective medical evidence and other evidence' of record." *Id.* (quoting 20 C.F.R. § 404.1529(a)) (brackets omitted). This inquiry requires the ALJ to "consider 'statements the claimant or others make about [the claimant's] impairment(s), [her] restrictions, [her] daily activities, [her] efforts to work, or any other relevant statements [she] makes to medical sources during the course of examination or treatment, or to the agency during interviews, on applications, in letters, and in testimony in its administrative proceedings.'" *Id.* (quoting 20 C.F.R. § 404.1512(b)(3)) (brackets omitted).

In reviewing an ALJ's credibility determination, the court must show "special deference" to the ALJ's finding, because the ALJ had the opportunity to observe the claimant's demeanor while testifying. *E.g., Marquez v. Colvin*, 12 Civ. 6819, 2013 WL 5568718, at *7 (S.D.N.Y. Oct. 9, 2013); *see also Campbell v. Astrue*, 465 F. App'x 4, 7 (2d Cir. 2012) (noting that the Second Circuit has "long held that '[i]t is the function of the [Commissioner],'" not the reviewing court, "to appraise the credibility of witnesses, including the claimant") (quoting *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983)) (alterations in original). Accordingly, so long as the ALJ's credibility determination is supported by substantial evidence, the court will not disturb it. *See, e.g., Salmini v. Comm'r of Soc. Sec.*, 371 F. App'x 109, 113 (2d Cir. 2010).

Because Plaintiff's objection is limited to the findings concerning her online classes, the Court reviews *de novo* only that portion of Judge Peck's analysis of the ALJ's credibility determination.[5] As an initial matter, the Court notes that the R & R expressly acknowledges the limitations related to Plaintiff's online coursework. *See* R & R 3 ("[Plaintiff] works on her master's degree online daily, but often lies down and needs her daughter's assistance typing.").

---

[5] The Court reviews the remainder of the analysis for clear error, *see, e.g., Oquendo*, 2014 WL 4160222, at *2, and finds none.

9

These limitations, however, do not compel the conclusion that the ALJ's credibility determination was unsupported by substantial evidence. In making his credibility assessment, the ALJ not only referenced Plaintiff's online classes, but also found that Plaintiff

> can perform a full range of daily activities, which is inconsistent with the nature, severity and subjective complaints of [Plaintiff]. [Plaintiff] described her daily routine as cooking, cleaning, doing laundry, she could perform self care unassisted, shop, watch the television and read. In [Plaintiff's] adult function report, she expressed attending physical therapy twice weekly, performing personal care unassisted, completing light chores and caring for her three children. She was capable of preparing meals daily. Social activities involved attending church.

R. 16 (citations omitted). This litany of activities supports the ALJ's determination that Plaintiff's "subjective complaints are not reasonably consistent with the medical evidence" and is sufficient to sustain the ALJ's assessment of Plaintiff's credibility. *See, e.g.*, *Stanton v. Astrue*, 370 F. App'x 231, 234 (2d Cir. 2010) (finding "no reason to second-guess the [ALJ's adverse] credibility finding . . . where the ALJ identified specific record-based reasons for his ruling," and noting that "[n]o different conclusion is warranted by the ALJ's failure to reference specifically [the plaintiff's] good work history, because substantial evidence aside from work history supports the adverse credibility ruling"); *Rutkowski v. Astrue*, 368 F. App'x 226, 230 (2d Cir. 2010) (explaining that the ALJ "adequately supported his credibility finding" where "substantial evidence existed showing that [the plaintiff] was relatively 'mobile and functional,' and that [the plaintiff's] allegations of disability contradicted the broader evidence"); *see also Emerson*, 2014 WL 1265918, at *9 ("[I]f there is sufficient evidence to support the final decision, the Court must grant judgment in favor of the Commissioner, even if there also is substantial evidence for the plaintiff's position.").

## CONCLUSION

The Court has reviewed *de novo* those portions of the R & R to which Plaintiff objects and has reviewed the remainder of the R & R for clear error.[6] For the reasons stated, the Court ADOPTS the R & R in its entirety. Defendant's motion is GRANTED and Plaintiff's motion is DENIED.

The Clerk of Court is directed to terminate the motions at ECF Nos. 12 and 20 and to close the case.

SO ORDERED.

Dated: September 5, 2014
       New York, New York

_____
ANALISA TORRES
United States District Judge

---

[6] To the extent not explicitly discussed above, the Court finds the unchallenged portions of the R & R to be free of clear error.